## COMMONWEALTH *vs.* DANIEL MURPHY.

Under an indictment for rape, in which there is no averment that the person of whom the defendant had carnal knowledge was not his wife, a conviction for fornication cannot be sustained.

INDICTMENT for rape upon Honora Sullivan. The indictment contained no averment that the person of whom the defendant had carnal knowledge was not his wife. At the trial in the superior court, *Lord*, J. instructed the jury that "if the evidence satisfied them beyond a reasonable doubt that only the crime of fornication was proved, it was competent for the jury to find the defendant guilty of having carnal knowledge of the body

of Honora Sullivan, the person named in the indictment, but not feloniously, nor by force, nor against her will;" and they accordingly returned the following verdict: " Guilty of having carnal knowledge of the body of Honora Sullivan, in manner and form as charged in the indictment, but not feloniously, nor by force, nor against her will." The defendant alleged exceptions.

*E. Robinson*, for the defendant.

*Foster*, A. G., for the Commonwealth.

BIGELOW, C. J. The instructions in this case were erroneous. Neither at common law nor under Gen. Sts. *c*. 172, § 16, could a verdict be properly received and recorded, convicting the defendant of any lesser offence than the felony set out in the indictment, unless such minor offence was substantially charged by the residue of the indictment, after striking out that portion of which the defendant was acquitted. If only the principal felony was properly charged, and no other offence was duly set out, an acquittal of the main offence operated as a verdict of not guilty on the whole indictment, and the further finding was unauthorized and erroneous.

In the present case the crime of fornication is not duly charged in the indictment. There is no allegation that the female, of whom it is alleged the defendant had carnal knowledge, was not, at the time when the supposed offence was committed, the wife of the defendant. This should have been averred in some form of words, by which the fact that they were not married to each other should have been distinctly set out. Otherwise, all the facts alleged, after striking out the charge of felony, might be true, and no offence be committed. Such an averment has uniformly been introduced into indictments for this offence, in this commonwealth. Davis's Crim. Justice, Fornication. The same reasons, on which it has been adjudged that an indictment for adultery is bad which does not allege that the persons who committed the offence were not married to each other, apply to the offence of fornication, of which the defendant has been found guilty. *Moore* v. *Commonwealth*, 6 Met. 243. A different rule is applicable to the offence of rape, because a man may be principal

in the second degree in the commission of that crime on his wife; and as under our statutes he would be liable in such case to be presented in the same manner as the principal felon, he may be so charged in the indictment. *Commonwealth* v. *Fogerty* 8 Gray, 489.                    *Exceptions sustained.*